UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Gonzalez, | No. 2:21-cv-00287-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| California Highway Patrol, et al., | |
| Defendants. | |

Plaintiff David Gonzalez eliminated his federal law claims in his first amended complaint. First Am. Compl. (FAC), ECF No. 6.  He now moves to remand this action to San Joaquin County Superior Court.  Mot. to Remand (Mot.), ECF No. 7.  As explained below, the court **grants** the motion.

According to the operative complaint, BNSF Railway (BNSF) employs Mr. Gonzales as an engineer.[1]  FAC ¶ 8.  In August 2019, Mr. Gonzales was working when a BNSF train struck and killed a person crossing the railroad tracks.  *Id.*  ¶¶ 8–9.  Despite not having jurisdiction, California Highway Patrol (CHP) officers, Angel Arceo and others, arrived on scene and

---

[1] The acronym BNSF is not defined in the complaint.  Plaintiff's complaint states his employer is "BNSF railroad" but the filings on the Securities & Exchange Commission website reflect the company's name is "BNSF Railway."  The court takes judicial notice of this fact.  *See U.S., ex rel. Modglin v. DJO Glob. Inc.,* 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015) ("the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet." (internal citations omitted).

1

1 questioned Mr. Gonzalez regarding the incident. *Id.* ¶¶ 10–11. Mr. Gonzalez remained silent as
2 required by BNSF company policy and attempted to perform safety inspections on the engine.
3 *Id.* ¶¶ 14–16. CHP officers approached Mr. Gonzalez suddenly, roughly handcuffed him, and
4 placed him in a CHP car. *Id.* ¶¶ 17. Officer Arceo injured Mr. Gonzalez when handcuffing him,
5 which led to him incurring medical expenses. *Id.* ¶¶ 18, 20. Officer Arceo also filed a report
6 leading to criminal charges against Mr. Gonzalez for "willfully resist[ing], delay[ing], and
7 obstruct[ing]" the officers. *Id.* ¶ 21; Cal. Penal Code § 148(a)(1). The charges were eventually
8 dropped. FAC ¶ 22.

9 In September 2021, Mr. Gonzalez brought this action in state court alleging eight state and
10 federal law claims against defendants CHP, Officer Arceo, and one hundred doe defendants. *See*
11 Compl., Not. of Removal Ex. A, ECF No. 1-1. His complaint asserted three claims under
12 42 U.S.C. § 1983: (1) excessive force, (2) unlawful arrest, and (3) retaliation; and five claims
13 under state law: (4) battery by a police officer, (5) false imprisonment, (6) malicious prosecution,
14 (7) intentional infliction of emotional distress, and (8) violation of the Bane Civil Rights Act,
15 California Civil Code section 52.1. *Id.* ¶¶ 23–85.

16 Defendants then removed based on federal question jurisdiction. Not. of Removal at 2,
17 ECF No. 1; *see* 28 U.S.C. § 1331. Defendants informed Mr. Gonzalez in a meet and confer letter
18 that his § 1983 claims were defective. Deputy Att'y General Whitney Letter (Whitney Letter),
19 ECF No. 7-2. Mr. Gonzalez acknowledged the deficiencies of his § 1983 claims and asked
20 defendants to stipulate to remanding the case once he removed the federal law claims in an
21 amended complaint. Att'y Sadiq Decl. ¶ 6, Mot. to Remand, ECF No. 7-1. Defendants declined
22 to stipulate to the remand, but consented to an amendment of the complaint. Opp'n at 2, ECF
23 No. 10. Mr. Gonzalez filed the operative complaint, deleting his § 1983 claims. *See* Whitney
24 Letter. He now moves to remand arguing that at most the court has supplemental jurisdiction and
25 requesting attorney's fees. Mot. at 4–5. Defendants oppose the motion. *See generally* Opp'n.
26 The matter was submitted without oral argument. Min. Order (April 27, 2021), ECF No. 11; *see*
27 E.D. Cal. L.R. 230(g).
28 /////

In determining subject matter jurisdiction in the first instance, courts look "to the complaint [at] the time the removal petition was filed." *O'Halloran v. Univ. Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988). "[T]he propriety of the removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). A plaintiff may not compel remand by amending the complaint to eliminate a federal question upon which removal was based. *Blue v. California Off. of the Inspector Gen.*, No. 15-02656, 2016 WL 1138145, at *2 (E.D. Cal. Mar. 23, 2016).

When removal is originally proper and the operative complaint amends out all claims over which the court had original jurisdiction, as here, a district court's decision to retain a case is discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). If the court chooses to keep the case, the court exercises supplemental jurisdiction over the remaining claims. *See id.*

In making the determination to exercise supplemental jurisdiction, the court considers values of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). These values guide the court in assessing the statutory factors under 28 U.S.C. § 1367(c): whether (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." When all federal law claims are amended out before trial, the balance of factors often points toward declining to exercise jurisdiction over remaining state law claims. *Id.* at 350 n.7.

In deciding whether to remand a case, the court also considers whether the plaintiff has engaged in tactics to manipulate the forum. *Carnegie-Mellon Univ.*, 484 U.S. at 357. However, even if a plaintiff's decision to eliminate federal claims before moving for remand may raise suspicion, "a plaintiff does not engage in manipulative behavior merely by eliminating federal

/////

/////

claims from an amended complaint that were present in the original complaint." *Valmoja v. Akal Sec., Inc.*, No. 13-00343, 2013 WL 5376038, at *5 (D. Haw. Sept. 24, 2013); *see also Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490–91 (9th Cir. 1995).

Here, Mr. Gonzalez's state law claims may raise no novel or complex issue of state law, but they predominate, because the federal claims have all been removed. *See* 28 U.S.C. § 1367(c). Defendants argue some of plaintiff's claims still rest on federal law as he alleges defendants used excessive force, Opp'n 6–7, but those allegations are not advanced in support of any federal claim. Litigating his remaining state law claims in federal court would not further "judicial economy, convenience, fairness, and comity." *See Brooks v. FCI Lender Servs., Inc.*, No. 16-02958, 2018 WL 495634, at *2 (E.D. Cal. Jan. 22, 2018) (declining to exercise supplemental jurisdiction because the case was still in the pleading stages and exclusively comprised state-law claims). The court has expended few judicial resources on the action due to the early stages of this case. *Blue*, 2016 WL 1138145, at *4 ("In determining whether to decline jurisdiction, the district court may consider the amount of judicial resources already expended and the length of time the case has been pending in the federal forum.").

Additionally, plaintiff has not engaged in manipulative tactics. Defendants argue otherwise, Opp'n at 5–6, but plaintiff's motion to remand after amending out all federal claims is, on this record, a "straight-forward tactical decision," not a "manipulative practic[e]." *Baddie*, 64 F.3d at 490–91 (holding defendants not eligible for an award of attorney fees or costs because plaintiff dismissing federal law claims was not a "manipulative pleading practice[]."); *Blue*, 2016 WL 1138145, at *4 (declining to retain jurisdiction after weighing § 1367(c) factors because plaintiffs' dismissal of all federal claims in amended complaint was not manipulative). When the case is in its early stages, the absence of illicit forum manipulation accordingly favors remand. *See Metacalf v. Countrywide Fin. Corp.*, No. 09-2707, 2009 WL 2485750, at *3 (N.D. Cal. Aug. 11, 2009) (internal citations omitted) (finding plaintiff's motion to remand with "due speed" after dismissing all federal claims was not manipulative).

Mr. Gonzalez also seeks attorney's fees incurred by removal. Mot. at 5. When the removal is originally proper, and a plaintiff takes subsequent action to remand the case back to

4

1 | state court, section 1447(c) does not authorize recovering expenses that flow from the motion to
2 | remand.  *Baddie*, 64 F.3d at 490.  Here, removal was originally proper as the complaint contained
3 | claims resting on federal law.  Therefore, the court declines to award plaintiff fees and costs.
4 |     This order resolves ECF No. 7.
5 |     IT IS SO ORDERED.
6 | DATED: August 1, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE